UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY DALE STONE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-22-661-J |
| ) | |
| KAMERON HARVONEK, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner, Jimmy Dale Stone, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. The matter was referred to United States Magistrate Judge Amanda Maxfield Green for initial proceedings consistent with 28 U.S.C. § 636. [Doc. No. 5]. On February 16, 2023, Judge Green issued a Report and Recommendation recommending that the Petition for a Writ of Habeas Corpus (Petition) be dismissed, with prejudice, as untimely. [Doc. No. 13]. Petitioner has filed an Objection to the Report and Recommendation which triggers de novo review. [Doc. No. 19].

In the Report and Recommendation, Judge Green concludes that Petitioner did not timely file his Petition. Specifically, Judge Green finds that the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to Petitioner's claim that the state court lacked jurisdiction, that the Petition is untimely under 28 U.S.C. § 2244(d)(1)(A), and that 28 U.S.C. § 2244(d)(1)(C) is not applicable. Petitioner does not dispute that his Petition was not filed within the AEDPA's one year limitation period[1] but asserts that he should be allowed over two years of equitably tolled time based upon a statewide lockdown of his correctional facility

---

[1] Petitioner does not dispute that he had until May 30, 2020 to file his habeas petition, absent any tolling.

from approximately September 2019 until October 2019 due to security and from April 2020 until June 2021 due to COVID-19.[2]

Having reviewed the Report and Recommendation and Petitioner's objection to the Report and Recommendation, the Court concludes that the Petition should be dismissed as untimely. Even if the statute of limitations is equitably tolled for the time period during which Petitioner's correctional facility was on lockdown due to security issues and COVID-19, Petitioner filed his Petition on July 29, 2022, over a year after the COVID-19 lockdown was lifted.[3] This extremely long period of time cannot support any finding of diligence by Petitioner.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 13] and DISMISSES the Petition, with prejudice, as untimely.

IT IS SO ORDERED this 26th day of April, 2023.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[2] Due to these lockdowns, inmates' access to legal material was extremely limited, and inmates were unable to utilize the law library resources. *See* April 7, 2023 letter from Mike Rogers, Acting Warden, Lexington Assessment and Reception Center [Doc. No. 19-1].

[3] The Court would also note that the first lockdown occurred approximately three months after Petitioner's conviction became final and the second lockdown occurred approximately five months after the first lockdown had been lifted.